OPINION OF THE COURT
Sheldon M. Rand, J.
In this proceeding for termination of parental rights, the Law Guardian moves by notice of motion dated November 18,1983, and submitted to this court on December 2,1983, for an order dismissing the petition in the interests of justice. The Law Guardian has alleged that the child does not wish to be adopted and that he will refuse to give his consent to any adoption once he turns 14 years of age. The Law Guardian alleges that the child is not residing in a preadoptive home and has maintained a strong relationship with both of his parents. As a result, the Law Guardian states that a protracted contested hearing would not be in the child’s best interest since no purpose can be served by it.
In response to the Law Guardian’s motion, petitioner has filed an affirmation in opposition dated November 23, 1983, and submitted to this court on December 2,1983. The petitioner alleges that there is no legal basis pursuant to *660 the Family Court Act or CPLR which would permit a motion to dismiss in the interest of justice in a civil proceeding and that all matters asserted by the Law Guardian must be reserved for a dispositional hearing if one is held. Petitioner further alleges that it would not serve the child’s best interest to be permitted to remain in foster care indefinitely and that recent attempts to establish a discharge plan with the father were unsuccessful.
This court heard oral arguments on the motion on December 2,1983, at which time decision was reserved. Upon review and consideration of the Law Guardian’s motion, petitioner’s affirmation in opposition and all other pleadings or proceedings had herein, this court finds that Law Guardian’s motion to dismiss» the petition is granted.
This court finds that dismissal of the petition is in the best interest of the child and that justice would not be served by a protracted fact-finding hearing as there is no likelihood of adoption in this case.
This court personally interviewed the child in chambers on December 2,1983, in the presence of the Law Guardian. This child stated that he did not wish to be adopted and that he would refuse to give his consent to any adoption when he reaches 14 years of age. Pursuant to section 111 of the Domestic Relations Law the consent of the adoptive child would be required upon reaching age 14. Brian G. was born on May 17, 1970, and he is currently 13V2 years old. It is clear that due to pending legal proceedings no adoption could take place before his fourteenth birthday in May, 1984. Furthermore, the child stated that he has a strong and loving relationship with both his parents, which he wishes to maintain. The child is happy in his foster home, but does not wish to be adopted by his foster parents nor do they want to adopt him in view of his ongoing relationship with his parents.
Petitioner points out that proof of the likelihood of adoption is not required before parental rights terminated (Social Services Law, § 384-b, subd 3, par [i]). However, the purpose of this statute is clearly to free children for adoption once their relationship with their parents has broken down. (Social Services Law, § 384-b, subd 1, par [b]; Matter of Wesley L., 72 AD2d 137.) In the instant proceeding the *661 parent-child relationship has been continuously maintained. Although the father may have had problems meeting the goals of the agency regarding discharge, given this child’s age and opposition to adoption, it would not be in his best interests to sever the parent-child bond and leave the child legally parentless.
Petitioner’s contentions that there is no legal basis for a motion to dismiss in the interest of justice in a civil proceeding and that any such finding must await a dispositional hearing are outweighed by the fact that it is clearly in this child’s best interest to avoid protracted hearing where no useful purpose would be served. To sever the parental ties under circumstances where a child will not, with good reason consent to an adoption, would clearly contravene the public policy and legislative intent under which section 384-b of the Social Services Law was enacted.
Accordingly, the petition of the Angel Guardian Home docketed in Kings County as No. B-4987/83 is hereby ordered dismissed. Vacate trial date of February 7, 1984.