OPINION OF THE COURT
Ruth Jane Zuckerman, J.
In these proceedings brought by St. Dominic’s Home (hereinafter petitioner) to terminate the parental rights of respondents, Thomas M. and Helen R., with respect to their children Thomas M., Jr. (born Nov. 7, 1981) and Troy M. (born Nov. 27, 1982), the Law Guardian has moved by notice of motion dated March 3, 1992, for an order dismissing the petitions "in the interests of justice.” The motion, which is supported by respondent father,[1] is strongly opposed by petitioner.
In his affirmation in support of the instant motion, the Law Guardian alleges, in substance, that even if what promises to be a protracted fact-finding hearing as to respondent father were held and a finding of permanent neglect made against him, the petitions would be dismissed following a dispositional hearing. More specifically, the Law Guardian, relying upon the decision of the Family Court (Hon. Sheldon M. Rand) in Matter of Brian G. (122 Misc 2d 659 [Fam Ct, NY County 1984]), contends that neither Troy M. nor Thomas M., Jr. wishes to be deprived of his relationship with respondent father; that at present, neither child is in a preadoptive home and that there is little likelihood that either child will ever be adopted; that since April of 1990, the child Thomas M., Jr. has been in residential care at the Au Clair School; that while at Au Clair, Thomas has enjoyed visits with his father; and that these parental visits are motivating for Thomas and important to him.[2] In these circumstances, the Law Guardian argues that at a dispositional hearing, petitioner will be unable to prove that it is in the children’s best interests that respondents’ parental rights be terminated and that the children’s guardianship and custody be committed to petitioner, and that accordingly, no purpose would be served by holding a pro *1002 tracted, contested fact-finding hearing against respondent father.[3]
In his affirmation in opposition to the motion, petitioner’s attorney contends that no legal authority supports the Law Guardian’s motion, other than the decision of the Family Court in Matter of Brian G. (supra), which case petitioner argues was incorrectly decided, and which is, in any event, distinguishable on its facts from the case at bar; that given the statutory framework governing proceedings to terminate parental rights on permanent neglect grounds, the arguments made and the issues raised by the Law Guardian cannot be addressed except at a dispositional hearing; that the Law Guardian’s motion is tantamount to a motion for summary judgment, in that it alleges, in essence, that there is no genuine issue of material fact as to the children’s best interests and that, as a matter of law, the court would be required to dismiss the petitions at the dispositional phase of these proceedings; and that contrary to the Law Guardian’s claim, there are issues of material fact as to the children’s best interests which would require a dispositional hearing if a finding of permanent neglect is made against respondent father.
Following oral argument on March 13, 1992, the court reserved decision on the motion. Upon review and consideration of the Law Guardian’s motion and his affirmation annexed thereto, as well as the affirmation of respondent father’s attorney in support of the motion, and the affirmation of petitioner’s attorney in opposition thereto, as well as all of the prior pleadings and proceedings herein, the court has determined, for the reasons set forth below, that the Law Guardian’s motion to dismiss the petitions in the interests of justice must be denied.
The logical starting place in the analysis of the issues raised by the instant motion is the statutory framework governing proceedings brought to terminate parental rights on grounds of permanent neglect, which is contained in sections 611 to 634 of article 6 of the Family Court Act and section 384-b of the Social Services Law. Initially, it should be noted that *1003 paragraphs (a) through (e) of subdivision (1) of section 614 of the Family Court Act enumerate the allegations which must be set forth in petitions to terminate parental rights on permanent neglect grounds, and that paragraph (e) specifically requires a petition to allege that: "the best interests of the child require that the guardianship and custody of the child be committed to an authorized agency or to a foster parent authorized to originate this proceeding under section three hundred ninety-two of the social services law or section one thousand fifty-five of this act.” Section 622 of the Family Court Act, in turn, defines the "fact-finding hearing” on permanent neglect as: "a hearing to determine whether the allegations required by paragraphs (a), (b), (c), and (d) of subdivision one of section six hundred fourteen are supported by clear and convincing proof.” Proof of the allegations required by paragraph (e) of subdivision (1) of section 614, by contrast, must await the "dispositional hearing,” which is defined by section 623 as "a hearing to determine what order of disposition should be made in accordance with the best interests of the child.” Subdivision (a) of section 632 of the Family Court Act further provides that "[i]f the allegations of a petition under this part are not established, the court shall dismiss the petition.” Since the allegations as to best interests are a necessary part of the petition under section 614, it is thus clear that a petition must be dismissed if, at the dispositional phase of the proceedings, petitioner fails to prove that it is the child’s best interests that guardianship and custody be committed to an authorized agency.
The distinction between the focus of a fact-finding hearing and that of a dispositional hearing is recognized by a number of other statutory provisions. For example, subdivision (b) of section 625 of the Family Court Act provides as follows: "Reports prepared by the probation service or a duly authorized agency for use by the court prior to the making of an order of disposition shall be deemed confidential information furnished to the court which the court in a proper case may, in its discretion, withhold from or disclose in whole or in part to the law guardian, counsel, party in interest, or other appropriate person. Such reports may not be furnished to the court prior to the completion of a fact-finding hearing, but may be used in a dispositional hearing or in the making of an order of disposition without a dispositional hearing pursuant to subdivision (a) of this section. ” (Emphasis supplied.)
The nature of the proof permitted and required at a disposi *1004 tional hearing, as opposed to a fact-finding hearing, also is addressed in sections 624 and 631 of the Family Court Act and in section 384-b (3) of the Social Services Law. Pursuant to section 624 of the Family Court Act, at fact finding, only competent, relevant and material evidence is admissible, whereas at disposition, hearsay evidence is admissible, provided it is relevant and material. Section 631 of the Family Court Act provides in pertinent part that: "[a]n order of disposition shall be made, pursuant to this section, solely on the basis of the best interests of the child, and there shall be no presumption that such interest will be promoted by any particular disposition.” Furthermore, section 624 of the Family Court Act makes clear that: "Evidence of parental contact or of failure to maintain contact with a child subsequent to the date of the filing of a petition under this part shall be inadmissible in the fact-finding hearing. Such evidence may be admitted in the dispositional hearing but shall not, of itself, be sufficient as a matter of law to preclude or require an order committing the guardianship and custody of the child.” Also of interest is Social Services Law § 384-b (3) (i), which expressly provides that: "proof of the likelihood that the child will be placed for adoption shall not be required in determining whether the best interests of the child would be promoted by the commitment of the guardianship and custody of the child to an authorized agency.” In addition, notwithstanding the fact that pursuant to section 111 of the Domestic Relations Law, consent to adoption is required by a child over the age of 14, Social Services Law § 384-b (3) (k) expressly provides that: "Where the child is over fourteen years of age, the court may, in its discretion, consider the wishes of the child in determining whether the best interests of the child would be promoted by the commitment of guardianship and custody of the child.”
When the instant motion is considered in the context of the above-described and quoted statutory provisions, the weaknesses of the Law Guardian’s argument immediately become clear. In the first place, it should be noted that neither the Family Court Act nor the Social Services Law makes provision for an order of dismissal — pretrial or at any other time — "in the interests of justice” in a proceeding to terminate parental rights. And, while it is true that a summary judgment motion might be appropriate prior to fact finding or disposition in a case, for example, in which there was either an agreed upon statement of facts, or a concession that there were no disputed *1005 material issues of fact, in the case at bar there is neither an agreed upon statement of facts as to the children’s best interests, nor a concession that the children are unlikely to be adopted. Indeed, even if there were such a concession, the previously quoted provision of section 384-b (3) (i) as to proof of the likelihood of adoption would appear to preclude a summary judgment of dismissal. Accordingly, the instant case is not one in which a summary judgment motion could be granted.
Even if it were assumed, as was held in Matter of Brian G. (122 Misc 2d 659, supra) that this court has the power to order a dismissal in the interests of justice, it appears plain that in the absence of an agreed upon statement of facts, which would, in effect, permit the Law Guardian’s motion to be treated as one for summary judgment, the court could order such dismissal only after holding a hearing where, as here, the basis for the motion is the movant’s contention as to the children’s best interests. Since, however, the existing statutory framework requires that the best interests hearing follow, rather than precede, the fact-finding hearing, it would be wholly improper for the court to consider the evidence relating to this issue in a preliminary hearing. And while the court, in light of the enormous case load which is the rule, rather than the exception, in Family Court in New York City, is not unappreciative of the Law Guardian’s efforts to avoid a protracted fact-finding hearing in this case, his argument proves too much. Thus, if, in the absence of an agreed upon statement of facts, a preliminary hearing were permitted on the best interests question, and if after such hearing, the Law Guardian’s motion were denied, the court would be faced with the prospect of holding a second hearing on best interests in the event that a finding of permanent neglect were made against respondents.
There remains for consideration the decision of the Family Court in Matter of Brian G. (supra) which, as was previously noted, is the only reported case in which the issues at bar have been addressed. In Brian G., the child who was the subject of the proceedings to terminate parental rights was 13 ^ years of age when the Law Guardian moved to dismiss in the interests of justice, and had made clear, both to his Law Guardian and to the Judge who interviewed him in chambers, that he would not consent to an adoption when he reached the age of 14. Since moreover the child in Brian G. was not in a preadoptive home and had made clear that he had a strong *1006 and loving relationship with his parents, and since, as the court in that case pointed out, it was clear that because of the pending termination proceedings, no adoption could possibly take place before the child’s 14th birthday, the court found in the circumstances there present that no purpose would be served by prolonging the proceedings. Given the child’s age in Brian G. and his unequivocal statement in the "in chambers” interview with the Judge that he would never consent to an adoption, the Law Guardian’s motion in Brian G. for a dismissal in the interests of justice was closely akin to one for summary judgment.[4]
The facts and circumstances before the court in Brian G. (supra) are readily distinguishable from these in the case at bar. Unlike the child in Brian G., who was 13 Vi years of age, the children in the present proceedings are now 10 Vi and 9 Vi years of age and it will be a number of years before their consent to adoption will be required under Domestic Relations Law § 111. Moreover, although it appears that as of May of 1991, some seven months after the instant proceedings were commenced, the child Thomas was deriving considerable benefit from his visits with his father, it is difficult to reconcile the receipt of this information with the embargo imposed by section 624 of the Family Court Act. In any event, given the incompleteness of the present record as to the nature and extent of either child’s relationship with either or both parents, and in light of the children’s ages, it would be inappropriate for this court to either treat the motion as in the nature of one for summary judgment or, in the alternative, to hold a preliminary hearing on the Law Guardian’s motion. Instead, the issues raised by the Law Guardian as to the children’s best interests shall be fully canvassed at a dispositional hearing if, following a hearing, findings of permanent neglect are made.
For all of the foregoing reasons, the Law Guardian’s motion to dismiss the petitions in the interests of justice is denied and the hearing as to permanent neglect shall proceed, as scheduled, on May 13,1992.
[Portions of opinion omitted for purposes of publication.]

. The affirmation of respondent father’s attorney in support of the motion sets forth contentions similar to those made by the Law Guardian.

. Annexed to the Law Guardian’s affirmation in support of the motion are a letter dated May 10, 1991 from the Director of Social Services at the Au Clair School concerning visitation between Thomas, Jr. and respondent father; a note to the Law Guardian from a Legal Aid Society social worker concerning Troy’s foster care placement and the unwillingness of his foster mother to adopt; and a copy of the decision in Matter of Brian G. (supra).

. No affirmation in support of the motion was submitted on behalf of respondent mother, as to whom the fact-finding hearing had previously been concluded, and by whom a motion to vacate the fact finding and reopen the hearing had been made. The motion to vacate the respondent mother’s default has since been granted, and the reopened hearing as to her is scheduled to continue on May 13,1992.

. Although there is no indication in the decision in Brian G. (supra) that there was an agreed upon statement of facts, the child’s age, his expressed unwillingness to be adopted, and his ties to his parents apparently were not in dispute.